# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LISA PASQUALUCCI,
    *Plaintiff*,

v.

No. 3:19-cv-1005 (JAM)

GLOBAL SATELLITE COMPUTER
SYSTEMS OPERATOR *et al.*,
    *Defendants*.

## ORDER TO SHOW CAUSE WHY COMPLAINT
## SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Lisa Pasqualucci has filed a *pro se* and *in forma pauperis* civil rights complaint

pursuant to 28 U.S.C. § 1983 against a variety of enterprises that have some role in the

transmission of radio and other waves from artificial satellites in Earth's orbit. Because it

appears that the complaint does not allege facts that give rise to a basis for the Court to exercise

federal jurisdiction, the Court issues this order to show cause for plaintiff to file a response by

**December 20, 2019**, why the complaint should not be dismissed.

### BACKGROUND

The form complaint names the following defendants: "Global Satellite Systems

operators," and "Siri/Cirrus-Xm and other satellite servers," and "Sports + Fields" and

"Bollywood/Univision." Doc. #1 at 1. Under the form complaint's heading for "BRIEFLY state

the background of your case," Pasqualucci states: "Global Communications operating systems

without appropriate permission, without payment, without document utilizing my teeth for poof

of [unreadable] + documentation without authorization." *Id.* at 2. The complaint further alleges

in part "home invasion, stealth contacts, people utilizing computer systems for grunionisons [sic]

– genital mutilation + cloning issues." *Id.* at 3. The complaint goes on in similar fashion with

1

additional allegations of mistreatment of plaintiff in various ways. *Ibid.* Under the form complaint's heading for "Request for Relief," Pasqualucci states: "Paymenet from satellite services + Antiturst/monopolists Clinton Global initiative – Banks – Banking / industrialists Fake news World Trade Center Cantor + others Marsh + McClellan Sports ESPN-fields + personal information on jerseys." *Id.* at 4.

DISCUSSION

This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Pasqualucci may respond.

It appears to me that the complaint does not state plausible grounds for relief against any particular defendant. It does not identify the defendants with particularity. Nor does it comprehensibly allege with particularity what any defendant did wrong to plaintiff. Accordingly, the complaint on its face does not state facts that give rise to plausible grounds for relief.

**CONCLUSION**

For the reasons stated above, it appears that the complaint fails to state a plausible claim for relief. If Pasqualucci has grounds to show why her complaint should not be dismissed, she shall file a response to this order to show cause by **December 20, 2019**.

It is so ordered.

Dated at New Haven this 11th day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge